MEMORANDUM *
Larry Ingram appeals the district court’s grant of summary judgment in his § 1983 suit against Officers Guillermo Calleros and Juan Arenas (the “Officers”), as well as the City of Los Angeles (the “City”). The facts are known to the parties and need not be repeated here, except as necessary to explain our decision.
The Officers’ reliance on erroneous information in making the traffic stop was an objectively reasonable mistake of fact. See Saucier v. Katz, 533 U.S. 194, 206, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); United States v. Miguel, 368 F.3d 1150, 1153-54 (9th Cir.2004); United States v. Dorais, 241 F.3d 1124, 1130-31 (9th Cir.2001); United States v. Garcia-Acuna, 175 F.3d 1143, 1146-47 (9th Cir.1999). Accordingly, there was no Fourth Amendment violation.
Nothing in the Officers’ post-stop conduct violated Ingram’s constitutional rights. The Officers ordered Ingram out of the vehicle after completing a legal traffic stop, see Pennsylvania v. Mimms, 434 U.S. 106, 111, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977) (per curiam), possessed reasonable suspicion to pat him down, see United States v. Mattarolo, 209 F.3d 1153, 1158 (9th Cir.2000), and searched his vehicle incident to arrest, see Neto York v. Belton, 453 U.S. 454, 460, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981).[1] Ingram did not rebut the presumption that the prosecutor acted independently. See Smiddy v. Varney, 665 F.2d 261, 266-67 (9th Cir.1981).
Absent an underlying constitutional violation by the Officers, Ingram’s claims against the City must fail. See City of L.A. v. Heller, 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986) (per curiam).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. To the extent the Supreme Court’s decision in Arizona v. Gant, - U.S. -, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009), limited Bel-ton’s scope, such law was not "clearly established" at the time of the incident in question and the Officers would be entitled to qualified immunity, see Saucier, 533 U.S. at 201, 121 S.Ct. 2151.